IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVON HILL, JR., <br><br>     Plaintiff, <br><br>  v. <br><br> BAYER HEALTHCARE LLC and DOES 1-20, <br><br>     Defendants. <br> _____ / | No. C 09-00235 JSW <br><br> **NOTICE OF QUESTIONS FOR HEARING ON MOTION FOR SUMMARY JUDGMENT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 9, 2010 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Where – specifically – in the record are the following facts addressed or controverted?

    a. Plaintiff can perform all of the essential functions of his former employment with his left hand.

    b. Plaintiff can perform all of the essential functions of his former employment without using a brace.

    c. Bayer engaged in an interactive process with Plaintiff after Dr. Chin removed Plaintiff's necessary restrictions.

2. Do the two reports from Dr. Chin create a disputed issue of fact regarding whether Plaintiff was actually permanently disabled and unable to perform the essential functions of his former employment?

3. How does Plaintiff respond to the analysis of *Quinn v. City of Los Angeles*, 84 Cal. App. 4th 472, 482-83 (2000), in which the court found that it was entirely within the discretion of the employer to set physical criteria for the hiring process? Does Bayer have unfettered discretion to set its standard operating procedures in compliance with regulatory requirements?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated:   April 6, 2010

                                                  JEFFREY S. WHITE
                                                  UNITED STATES DISTRICT JUDGE